Leon CHERNER, Samuel Mensh and Henry Gertler, trading as Cherner Motor Company, Appellants,

v.

John H. LAWSON, Jr., Appellee.

No. 2544.

Municipal Court of Appeals for the District of Columbia.

Argued April 11, 1960.

Decided July 6, 1960.

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Dennis Collins, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal presents a question concerning the amount of expenses of resale recoverable by a conditional vendor after repossession and resale.

The facts are that appellants (hereafter called Cherner) sold an automobile to appellee for $3,099.96 under a conditional sale contract. On appellee's default Cherner repossessed and resold the automobile. At time of repossession there was a balance due of $1,980.53. A credit for unusued insurance and finance charges reduced the balance to $1,693. To this balance there was added $50, the salesman's commission on the resale, making a total balance due of $1,743. The resale price was $1,595, thus leaving a deficiency of $148. In this action Cherner claimed the $148 deficiency, plus a "trade-in-loss" of $8.65, and an attorney's fee of $59.38. In addition to these three items Cherner claimed $239.25, as expenses incident to the resale. The trial court allowed recovery of $170.15, an amount which appears to be satisfactory to Cherner so far as the first three items are concerned; but the court denied any recovery for the claimed expenses or cost of resale. This appeal questions only that disallowance.

Cherner bases its claim on the provision of the contract that in case of repossession and resale the proceeds "less all expenses of retaking, storing, repairing and selling," should be credited on the unpaid balance

and that appellee should be liable for the remainder. To support its claim Cherner offered testimony that it had been determined from its "bookkeeping methods" that 15% of the selling price—in this instance 15% of the resale price of $1,595—was "the cost of doing business"; that this cost of doing business included the cost of "lighting, heating, administrative salaries, depreciation, reserve for taxes, advertising"; and that the amount here claimed is "overhead" and not directly connected with this resale. No books of account or records were offered to substantiate the claimed percentage cost per sale of doing business.

■ We could affirm on the single ground that the trial court was not required to accept the general statements of the witness regarding the cost of doing business, when such statements were not corroborated or substantiated by business records which could have been but were not produced. Faced with a somewhat similar situation the New York Supreme Court said: "The expenses mentioned are disallowed for the reason that we find that the proof of such alleged expenses for advertising, postage, cables, phones, storage, insurance, trucking, marking, delivering and sorting was unitemized, unsupported by any vouchers, nor were such expenses shown to be necessary." Derami, Inc. v. John B. Cabot, Inc., 277 App.Div. 852, 98 N.Y.S.2d 34, 35.

However, the trial court did not specifically disallow the claim for lack of satisfactory proof, and we prefer to consider the question on its merits. The question is whether a defaulting purchaser may be held liable for claimed expenses of resale when such expenses are not directly attributable to the resale. It is our opinion that the question should be answered in the negative.

■■ It is a general rule, applicable to sales and conditional sales, that upon resale the vendor is entitled to the costs and expenses directly attributable to repossession and resale, but we have found no authority holding the purchaser liable for general and indirect expenses. As was said in Shepherd Tractor & Equipment Co. v. Page, 5 Cir., 158 F.2d 655, 657, the vendor is "entitled to deduct his reasonable and necessary expenses directly incurred in the resale. These do not include any part of his general business expenses, nor even the time of a salaried employee who made the sales." [1] Cherner's claim that a percentage of its general cost of doing business is chargeable to appellee on resale is essentially the same contention put forth in the above cited case, i. e., a claim for general business expenses. We hold such expenses are not recoverable. The vendee is liable for direct expenses of resale, such as the salesman's commission which was here allowed; but the vendee is not liable for expenses which are incurred incident to doing business and which would have been incurred by the vendor if no default in this particular sale had ever occurred.

Affirmed.

---

4. See also Alonzo v. Westfeldt Bros., 163 La. 198, 111 So. 675; Penn v. Smith, 93 Ala. 476, 9 So. 609.