BENTON SERVICE CENTER *v.* Valjean PINEGAR

CA 80-119                                          601 S.W. 2d 227
Court of Appeals of Arkansas
Opinion delivered June 18, 1980
Released for publication July 8, 1980

*Jerry G. Jones*, for appellant.

*Robert W. Garrett* and *Hall, Tucker, Lovell, Alsobrook & Moudy*, for appellee.

ERNIE E. WRIGHT, Chief Judge. This is an appeal by the employer from the decision of the Workers' Compensation Commission finding appellee sustained a totally and permanently disabling compensable injury, an acute myocardial infarction, in the course of his work on September 14, 1978.

The employer denied the claim as compensable and on appeal contends there is no substantial, competent and credible evidence to support the finding claimant's heart attack was causally related to his work.

Claimant was employed as a security officer with the Benton Service Center of the Arkansas State Hospital and had been so employed for about fourteen years. His duty was to make security checks of the buildings, see that lights were out, coffee pots were off and doors properly locked. On September 14, 1978, he went to work at 3:00 o'clock p.m. and at 4:30 p.m. he and his co-worker began checking the buildings. During the course of checking the cold storage area of the last building, a cafeteria, he noticed a pain in his chest and shoulders, starting in his left arm. The pain persisted. At about 9:00 o'clock p.m. the claimant checked the administration building which contains four flights of stairs. Near completion of the inspection claimant's pain was so bad that he had to sit down on the steps and he didn't check the last two doors. Thereafter he remained in the security automobile, riding with his co-worker, until his shift was completed at approximately 10:00 to 10:15 p.m. He drove home and attempted to relax but was unable to do so. He was taken to the hospital in Benton and admitted to the coronary care unit. During the early part of his hospitalization he suffered cardiac arrest three times. He was discharged September 19, 1978.

Claimant was 61 years old at the time of his coronary attack and testified at the hearing held on April 20, 1979, before the administrative law judge that he remained physically unable to perform any type of work. The security work at the time of claimant's heart attack entailed climbing up and down a considerable number of stairs in each of the ten buildings he was required to check. He testified he felt fine on September 14 when he left home for work and when he reported for work. He also testified he never previously experienced any indication of a heart attack.

After suffering cardiac arrest during his hospitalization appellant has experienced partial loss of vision, and upon examination by a specialist he was found to have a loss of the entire right side of his vision in both eyes which the specialist attributed to lack of oxygen to the brain during cardiac arrest.

Dr. Martindale who treated appellant for the heart attack stated, "This patient is now, & will continue to be, unable to be gainfully employed". In his deposition Dr. Martindale testified that climbing stairs and exposure to cold are precipitating factors in heart attacks.

The history taken by Dr. Hogue, associate of Dr. Martindale, at the time of appellee's admission to the hospital in the early morning hours of September 15, 1978, reflects appellant stated that when he awakened the previous morning he had severe cramping pain in his chest, and that it persisted all day and through the night; that he attempted to work that day but was unable to do much because of the intense pain; that he had some sweating during the day and attributed this to his usual lung condition. He stated the pain became so intense during the night of September 14 that he came to the hospital.

Appellant argues that appellee's testimony given some eight months after the heart attack is in conflict with his medical history given on admission to the hospital, and the history was given under such circumstances that it should be accepted as accurate. The hospital admission report contains indications the onset of chest pains occurred some twenty-

four hours before admission to the hospital which is some evidence the heart attack occurred before appellee went to work. Appellant's sworn testimony at the trial, however, indicates the heart attack symptoms were first experienced during the course of his work on September 14.

Appellant testified he thought the pain he was having in the earlier part of the day on September 14, 1978, was arthritis pain from which he had suffered since he was fourteen, and that the arthritis pain affected different parts of his body at different times.

The Commission evidently found appellant's sworn testimony more convincing than statements attributed to him in the hospital admission history. It is the responsibility of the Workers' Compensation Commission to weigh the evidence and determine the credibility of witnesses in compensation cases. On review the issue for this court to determine is whether there is any substantial evidence to support the Commission's finding appellant's heart attack arose out of his employment and resulted in permanent and total disability. *Barksdale Lumber Company* v. *McAnally*, 262 Ark. 379, 557 S.W. 2d 868 (1977). The settled rule is that in determining whether there is substantial evidence to support the decision of the Commission, we consider only that evidence which is most favorable to the Commission's finding. Where the evidence is conflicting it is for the Commission to determine the weight and credibility to be given to the evidence.

After carefully reviewing the evidence in light of the established rule for appellate review we conclude there is substantial evidence to support the Commission's finding the heart attack occurred during the course of claimant's employment, that it was causally related to his work and that it resulted in permanent and total disability.

Affirmed.