Eugene ESTER *v.* NATIONAL HOME CENTERS, INC.

CA 97-1081                     967 S.W.2d 565

Court of Appeals of Arkansas
Division II
Opinion delivered March 18, 1998

*Walker, Campbell & Dunklin,* by: *Sheila F. Campbell,* for appellant.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *Robert L. Henry* and *R. Kenny McCulloch,* for appellee.

SAM BIRD, Judge. Eugene Ester appeals a decision of the Workers' Compensation Commission holding that he was not entitled to benefits for his work-related injury because he failed to prove by a preponderance of the credible evidence that his injury was not substantially occasioned by the use of illegal drugs. Appellant argues that the Commission's decision is not supported by substantial evidence and that Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996) violates his constitutional rights to equal protection and due process.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.,* 265 Ark. 489, 579 S.W.2d 360 (1979); *Crossett Sch. Dist. v. Gourley,* 50 Ark. App. 1, 899 S.W.2d 482 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Carroll Gen. Hosp. v. Green,* 54 Ark. App. 102, 923 S.W.2d 878 (1996); *Wright v. ABC Air, Inc.,* 44 Ark. App. 5, 864 S.W.2d 871 (1993).

Arkansas Code Annotated section 11-9-102(5)(B)(iv) (Repl. 1996) provides:

"Compensable injury" does not include:

. . . .

(iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(b) The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(c) Every employee is deemed by his performance of services to have impliedly consented to reasonable and responsible testing by properly trained medical or law enforcement personnel for the presence of any of the aforementioned substances in the employee's body.

(d) An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

In the instant case, the evidence showed that appellant drove a truck delivering materials for appellee National Home Centers. On Tuesday, March 28, 1995, early in the afternoon, the truck appellant was driving failed to negotiate a curve on an exit ramp of I-40 and turned over. Lumber littered the highway. The police officer who investigated the accident testified that there were no adverse weather conditions; that he smelled no alcohol on appellant; that there were 150 feet of "scuff" marks on the road but no skid marks; and that appellant was going too fast for conditions.

Appellant sustained a broken leg and was taken by ambulance to Arkansas Baptist Medical Center where they performed a "rapid urine drug screen" for alcohol, illegal drugs, and prescription drugs used in contravention of a physician's order. There was evidence that appellant had been given morphine before the urine for the drug screen was obtained. The drug screen was positive for opiates and cocaine metabolites.

Appellant testified that, for the first time in several years, he had smoked cocaine the Friday night before the Tuesday accident. He had worked all day on Monday, and he had gone to work at six a.m. the day of the accident. He said he had made several deliveries and driven approximately 300 miles without mishap before the accident. He had then gone to Quality Lumber and picked up the load he was carrying when the accident happened. Appellant claimed that the lumber had been loaded improperly and had shifted, causing his truck to turn over. However, appellant admitted that he and a fork-lift driver had strapped the load down themselves.

The administrative law judge noted that the positive drug screen raised a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's order. However, he found that, "other than the positive drug screen, there is simply no other evidence to show that the accident was substantially caused by the use of illegal drugs." The Commission reversed and held that appellant had failed to rebut the presumption that the injury was caused by illegal drugs. The Commission also considered and rejected appellant's argument that Ark. Code Ann. § 11-9-102(5)(B)(iv) violated his constitutional rights of due process and equal protection. Therefore, benefits were denied.

On appeal, appellant first argues that the Commission's decision is not supported by substantial evidence because the Commission improperly disregarded his testimony, and because a cocaine metabolite is not cocaine. Appellant's brief contains a great deal of technical information about cocaine, its psychoactive component, its metabolites and their significance. However, there is no indication in the record that this evidence was ever presented to the Commission. Arkansas Code Annotated section 11-9-705(c)(1)(A) (Repl. 1996) requires all oral evidence or documentary evidence to be presented to the Commission at the initial hearing on a controverted claim. *See Chambers v. Int'l Paper Co.*, 56 Ark. App. 90, 938 S.W.2d 861 (1997); *Death & Permanent Total Disability Trust Fund v. Whirlpool Corp.*, 39 Ark. App. 62, 837 S.W.2d 293 (1992). All legal and factual issues should be developed at the hearing before the administrative law judge. *American Trans. Co. v. Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983); *Walker v. J & J Pest Control*, 6 Ark. App. 171, 639 S.W.2d 748 (1982). Consequently, we do not consider the technical evidence in appellant's brief.

Neither can we agree with appellant's assertion that the evidence was not sufficient to raise the statutory presumption or deny benefits on that basis. On January 21, 1998, we handed down two opinions affirming the Commission's conclusion that marijuana metabolites in a person's urine was sufficient to invoke the rebuttable presumption that the injury or accident was substantially occasioned by the use of the drug. *Graham v. Turnage*

*Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998); *Brown v. Alabama Elec. Co.*, 60 Ark. App. 138, 959 S.W.2d 753 (1998).[1] In the instant case the Commission held:

> After weighing the claimant's uncorroborated testimony regarding the nature and extent of his drug use and his uncorroborated [testimony] regarding his interpretation of the cause of his accident, as well as Officer Nunn's testimony regarding the accident scene, and all other evidence properly in the record, we find that the claimant failed to prove by a preponderance of the credible evidence that his accident and injury were not substantially occasioned by the use of cocaine.

After noting that it gave appellant's testimony little weight, and that neither the weather nor mechanical failure played any part in appellant's single-vehicle accident, the Commission stated further:

> Consequently, we find that the greater weight of the credible evidence establishes that the claimant's accident was attributable to impaired judgment (either through excessive speed under the conditions or inattentiveness), and we find that the greater weight of the credible evidence in the record indicates that the claimant's impairment was caused by the use of cocaine.

Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996). *See also Eagle Safe Corp. v. Egan*, 39 Ark. App. 79, 842 S.W.2d 438 (1992). We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Milligan v. West Tree Serv.*, 57 Ark. App. 14, 941 S.W.2d 434 (1997); *Willmon v. Allen Canning Co.*, 38 Ark. App. 105, 828 S.W.2d 868 (1992). We find the Commission's decision to be supported by substantial evidence.

Appellant also argues that the statute is unconstitutional because the presence of drug metabolites is not rationally related to intoxication or impairment since it bears no relationship to the effect of the drug on the body, and therefore, it is an arbitrary

---

[1] These two cases have been accepted for review by the Arkansas Supreme Court. [*Reporter's note: See* 334 Ark. 32 and 334 Ark. 35 (1998).]

classification. Appellant cites case law that holds that under these circumstances the statute violates equal protection. It appears that no medical evidence was presented to the Commission explaining the effect of cocaine on the body, what its psychoactive agent is, how long the psychoactive effect lasts, how it is metabolized, how long it takes to be metabolized, in what form it is excreted, or how long traces of it are excreted.

A statute is presumed to be constitutional, and all doubts about constitutionality must be resolved in favor of constitutionality. *Holland v. Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987). The party challenging the legislation has the burden of proving that the act is not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts. *Arkansas Hosp. Ass'n v. Arkansas State Bd. of Pharmacy*, 297 Ark. 454, 763 S.W.2d 73 (1989); *Streight v. Ragland*, 280 Ark. 206, 655 S.W.2d 459 (1983). On an equal protection challenge to a statute, it is not the appellate court's role to discover the actual basis for the legislation. Instead, we are merely to consider whether any rational basis exists that demonstrates the possibility of a deliberate nexus with state objectives, so that the legislation is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose. *Id.* The Commission is required to rule on constitutional questions that are properly before it in order to provide the appeals court with fact-findings sufficient to decide the constitutional issue. *Green v. Smith & Scott Logging*, 54 Ark. App. 53, 922 S.W.2d 746 (1996).

The Commission resolved the equal protection and due process challenge by pointing out that (1) the rebuttable presumption is consistent with, and rationally related to, the legitimate purpose of placing the burden of production on the party with greater access to relevant evidence since the claimant is generally in a better position to know in advance whether drug testing will indicate the presence of illegal drugs in his body at the time of the injury, and (2) a positive test for marijuana and cocaine metabolites in urine samples creates a sufficiently reasonable inference of impairment so as to support the presumption that the injury was caused by drug use. Another potential reason for the

presumption that provides a rational basis of a deliberate nexus with state objectives is to promote a drug-free workplace. Therefore, the Commission's conclusion that the statute is constitutional is correct.

Affirmed.

JENNINGS and CRABTREE, JJ., agree.