Eugene ESTER *v.* NATIONAL HOME CENTERS, INC.

98-405                                             981 S.W.2d 91

Supreme Court of Arkansas
Opinion delivered December 10, 1998

358

*Walker, Campbell & Dunklin,* by: *Sheila F. Campbell,* for appellant.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *Robert L. Henry III* and *R. Kenny McCulloch,* for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Eugene Ester, appeals from the decision of the Workers' Compensation Commission denying him benefits for injuries he sustained in a work-related accident. The Commission found that Mr. Ester failed to rebut the statutory presumption in Ark. Code Ann. § 11-9-102(5)(B)(iv) (Supp. 1997) that his injury was substantially occasioned by the use of illegal drugs. The Commission also concluded that the statute does not violate the constitutional guarantees of due process or equal protection. The Court of Appeals affirmed the Commission's decision. *Ester v. National Home, Centers, Inc.,* 61 Ark. App. 91, 967 S.W.2d 565 (1998). We granted a petition for review in order to address the application of the statutory presumption to drug tests that show the presence of drug metabolites. Upon further examination of the record in this case, we conclude that we are unable to fully address that issue at this time. We affirm the decision of the Commission.

On March 28, 1995, Eugene Ester was injured when the truck he was driving for National Home Centers turned over, spilling a load of timber onto the road. While being treated for his injuries, Mr. Ester submitted to a drug-screen test. The test results were positive for opiates and cocaine metabolites. Mr. Ester subsequently filed a claim for workers' compensation benefits. National Home Centers controverted the claim on the basis that Mr. Ester's injuries were not compensable because they were "substantially occasioned by the use of . . . illegal drugs" pursuant to Ark. Code Ann. § 11-9-102(5)(B)(iv) (Supp. 1997).

At the hearing before an Administrative Law Judge, the positive drug-test results were introduced into evidence. A letter from Dr. Thomas Rooney explained that the positive result for opiates could be attributed to the morphine shot that Mr. Ester received prior to the administration of the drug screen. Mr. Ester testified that he had not used cocaine or any other illegal drug on the day of the accident. However, he admitted to using one or two rocks of cocaine approximately three days before the accident, and attributed the positive result for cocaine metabolites to this incident. Mr. Ester testified that, other than this isolated incident, he had not used cocaine since 1988.

Mr. Ester further testified that he believed the accident occurred because the timber had been loaded improperly onto the flatbed of his truck. When his truck rounded a curve, the load shifted and the truck overturned. Mr. Ester stated that he told the people loading the timber that it was not properly banded. They agreed with him, but asked him to go ahead and carry the load as it was. Even though he believed the timber was loaded improperly, Mr. Ester admitted that he helped secure the load to the flatbed.

State Trooper Oliver Nunn investigated the accident. He testified at the hearing that there were 150 feet of scuff marks at the scene. Trooper Nunn testified that no adverse weather conditions contributed to the accident. Rather, it was his opinion that the truck turned over because it was going too fast as it went around a curve on the I-40 exit ramp. He further stated that he got close enough to Mr. Ester to determine that no alcohol was involved. Trooper Nunn did not issue a citation as a result of this accident.

The ALJ concluded that Mr. Ester presented sufficient evidence to rebut the statutory presumption that his injuries were substantially occasioned by the use of illegal drugs and awarded benefits. After conducting a *de novo* review of the record, the Workers' Compensation Commission reversed the ALJ's decision, concluding that Mr. Ester failed to rebut the statutory presumption because the only evidence Mr. Ester presented to establish that he was not under the influence of illegal drugs at the time of

the accident was his own testimony, which the Commission did not find to be credible. The Commission pointed out that Mr. Ester tested positive for cocaine metabolites, and that Trooper Nunn testified that the accident was caused by the driver going too fast for conditions. The Commission concluded that this evidence indicated that the cause of the accident was consistent with impairment due to illegal drugs.

On appeal to the Commission, Mr. Ester also argued that the statutory presumption violated his constitutional rights to due process and equal protection. The Commission upheld the statute's constitutionality by concluding (a) that the presumption is consistent with, and rationally related to, the legitimate purpose of placing the burden of production on the party with the greatest access to relevant information; and (b) that a positive test for drug metabolites in urine samples creates a sufficiently reasonable inference of impairment so as to support the presumption that the injury was caused by drug use. Accordingly, the Commission denied Mr. Ester's request for benefits. The Court of Appeals agreed with the Commission that Mr. Ester failed to rebut the statutory presumption and affirmed the Commission. *Ester, supra.* The Court of Appeals also affirmed the Commission on Mr. Ester's equal protection and due process challenge, noting that the statute could also be sustained on the basis that it was rationally related to the legitimate government objective of promoting a safe workplace. *Id.*

██ In reviewing an appeal from the Workers' Compensation Commission, we view the evidence in a light most favorable to the Commission's decision and affirm when that decision is supported by substantial evidence. *Golden v. Westark Community College,* 333 Ark. 41, 969 S.W.2d 154 (1998); *Olsten Kimberly Quality Care v. Pettey,* 328 Ark. 381, 944 S.W.2d 524 (1997). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id.* We will not reverse the Commission's decision unless fair-minded persons could not have reached the same conclusion when considering the same facts. *Id.*

In 1993, the General Assembly enacted the following provision, codified at Ark. Code Ann. § 11-9-102(5)(B)(iv) (Supp. 1997):

(B) "Compensable injury" does not include:

\* \* \*

(iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(b) The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders.

\* \* \*

(d) An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

■ Mr. Ester argues that the drug-test results did not establish the presence of cocaine in his system at the time of the accident. Specifically, Mr. Ester asserts that the presence of cocaine metabolites revealed by the drug test are not equivalent to the presence of cocaine and, thus, such test results are insufficient to invoke the statutory presumption. In support of this argument, Mr. Ester presents technical evidence on appeal concerning certain components of cocaine that may not be present in a person's system when there is a positive indication for cocaine metabolites. However, there is no indication from the record that this evidence was presented to Commission. We cannot consider evidence on appeal that was not first presented to the Commission. *See* Ark. Code Ann. §11-9-705 (Supp. 1997).

■ Mr. Ester's drug screen showed a positive indication for "coca met" or cocaine metabolites. Arkansas Code Annotated § 11-9-102(5)(B)(iv) states that the "presence" of an illegal drug in the claimant's system triggers a mandatory rebuttable presumption that the claimant's injury was substantially occasioned by the use

of that drug. Mr. Ester himself admitted that he had used cocaine three days prior to the accident. His testimony that cocaine was present in his body for some period of time was corroborated by the positive test results for cocaine metabolites. The test results did not quantify the concentration of cocaine metabolites present in Mr. Ester's system. However, there is no statutory requirement that a certain quantity of an illegal drug be proved in order to show its "presence." Mr. Ester presented no scientific evidence to support his contention that a positive test result for cocaine metabolites does not measure the psychoactive component in cocaine. The Commission concluded that a preponderance of the evidence established the presence of cocaine in Mr. Ester's system at the time of the accident, thus triggering the statutory presumption that his injury was substantially occasioned by the use of illegal drugs. Based upon this record, we cannot say that the Commission improperly applied the presumption.

Mr. Ester also contends that the evidence was sufficient to rebut the presumption. Specifically, he relies upon his testimony that he had not used cocaine on the day of the accident and his opinion testimony that the accident was caused by the improper loading of the timber. According to Mr. Ester, the Commission arbitrarily disregarded his undisputed testimony.

It is well settled that the credibility of witnesses is a matter completely within the province of the Commission. *Benton Serv. Ctr. v. Pinegar,* 269 Ark. 768, 601 S.W.2d 227 (1980); *see also Continental Express v. Harris,* 61 Ark. App. 198, 965 S.W.2d 811 (1998). The Commission is not bound to accept the testimony of any witness, even if uncontradicted. *Nix v. Wilson World Hotel,* 46 Ark. App. 303, 879 S.W.2d 457 (1994). Further, it is well-settled that the testimony of an interested party is taken as disputed as a matter of law. *Knoles v. Salazar,* 298 Ark. 281, 766 S.W.2d 613 (1989); *Waterfield v. Quimby,* 277 Ark. 472, 644 S.W.2d 241 (1982).

As an interested party, Mr. Ester's testimony must be considered controverted as a matter of law. Furthermore, according to his own testimony there were witnesses who could have corroborated his complaint about improper loading and his state of sobri-

ety on the day of the accident and during the three days leading up to the accident. However, he chose not to call any of those witnesses.

■ ■ Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *See Clark v. State,* 253 Ark. 454, 486 S.W.2d 677 (1972); *Continental Express v. Harris, supra.* The Commission weighed Mr. Ester's uncorroborated testimony regarding his use of drugs and the improper loading of timber against positive test results for cocaine metabolites and Trooper Nunn's testimony regarding the cause of the accident. Under these facts, we find that there is substantial evidence to support the Commission's decision that Mr. Ester failed to rebut by a preponderance of the evidence the statutory presumption that his injury was substantially occasioned by the use of cocaine. It should be noted that we recently upheld the Commission's finding that the statutory presumption triggered by a positive blood-alcohol test was rebutted by a preponderance of the evidence. *See ERC Contractor Yard & Sales v. Robertson,* 335 Ark. 63, 977 S.W.2d 212 (1998). However, in contrast to Mr. Ester's reliance on his own uncorroborated testimony in this case, the claimant in *ERC* submitted medical reports and testimony by his supervisor and treating physicians to support the Commission's finding that the accident was not substantially occasioned by the use of alcohol.

Mr. Ester's final argument is that the statute is unconstitutional because the presence of cocaine metabolites is not rationally related to intoxication or impairment. He claims it bears no relationship to the presence of the actual drug in the body, gives no notice of its potential effect, creates room for discriminatory enforcement, and is an arbitrary and capricious exercise of legislative power.

■ All statutes are presumed constitutional and we resolve all doubts in favor of constitutionality. *Golden v. Westark Community College,* 333 Ark. 41, 969 S.W.2d 154 (1998); *ACW, Inc. v. Weiss,* 329 Ark. 302, 947 S.W.2d 770 (1997); *McCutchen v. Huckabee,* 328 Ark. 202, 943 S.W.2d 225 (1997). The party challenging a statute's constitutionality has the burden of proving that the act

lacks a rational relationship to a legitimate objective of the legislature under any reasonably conceivable set of facts. *Arkansas Hosp. Ass'n v. Arkansas St. Bd. Of Pharmacy,* 297 Ark. 454, 763 S.W.2d 73 (1989); *Streight v. Ragland,* 280 Ark. 206, 655 S.W.2d 459 (1983). *See also Smith v. Denton,* 320 Ark. 253, 895 S.W.2d 550 (1995); *Winters v. State,* 301 Ark. 127, 782 S.W.2d 566 (1990). It is not our role to discover the actual basis for the legislation. *Arkansas Hosp. Ass'n, supra; Streight v. Ragland,* 280 Ark. 206, 655 S.W.2d 459 (1983). We merely consider whether there is any rational basis which demonstrates the possibility of a deliberate nexus with state objectives so that the legislation is not the product of arbitrary and capricious government purposes. If we determine that any rational basis exists, the statute will withstand constitutional challenge. *See Arkansas Hosp. Ass'n., supra.*

■ In this case, a rational basis does exist for the legislation. The Commission pointed out that the rebuttable presumption is rationally related to the legitimate government objective of placing the burden of production on the party with the greatest access to relevant evidence. We agree. Obviously the claimant for benefits will have more information about the presence of drugs in his system than the employer. Additionally, the presumption is rationally related to promoting a safer workplace. The presumption encourages employees to remain drug-free and thereby promotes the state's legitimate objective — safety in the workplace.

■ ■ With respect to Mr. Ester's argument that the presence of cocaine metabolites bears no relationship to the presence of cocaine in his body, there is no evidence in the record demonstrating the lack of a rational relationship between the rebuttable presumption and a positive test for cocaine metabolites. Thus, he has failed to overcome the presumption that Ark. Code Ann. § 11-9-102(5)(B)(iv)(b) is constitutional. Likewise, Mr. Ester's due process challenge that the statute has the potential for discriminatory enforcement and fails to give notice of its effect is without merit. The presumption's application is mandatory when an illegal drug is present, and the statute states clearly that benefits will be denied if the claimant fails to rebut the presumption.

 Finally, Mr. Ester cites *Recchi American Inc. v. Hall,* 692 So. 2d 153 (Fl. 1993) in support of his constitutional challenge. However, *Recchi* is inapposite because the Florida statute contained language that precluded rebuttal of the presumption if the workplace was designated "drug-free." *Recchi, supra.* Thus, *Recchi* does not support Mr. Ester's contention that the presumption in Ark. Code Ann. § 11-9-102(5)(B)(iv) is unconstitutional.

Affirmed.