Christopher CLARK (Deceased) v. SBARRO, INC.

CA 99-383                                          8 S.W. 3d 36

Court of Appeals of Arkansas
Divisions II and III
Petition for rehearing denied December 22, 1999
Dissenting opinion delivered December 22, 1999

JOHN MAUZY PITTMAN, Judge, dissenting.  I would grant rehearing in this case. The deceased had a blood-alcohol content of .21 percent at the time of his death, i.e., more than double the percentage required for him to be found guilty of driving while intoxicated. Arkansas Code Annotated § 11-9-102(5)(B)(iv) (Supp. 1997) provides that the use of alcohol creates a rebuttable presumption that the accident was caused by the use of alcohol. Nevertheless, our opinion in this case held that the Commission was required to find that the presumption was rebutted because the other driver crossed the center line, and "[t]here was no evidence from which the Commission could have concluded ... that [Clark] could have avoided the accident." This reasoning is faulty. First, it ignores the statutory presumption that the *accident was caused by* the use of alcohol. Second, it erroneously places the burden on the appellee to present evidence in addition to the statutory presumption of causation. *See Ester v. National Home Centers, Inc.*, 335 Ark. 356, 981 S.W.2d 91 (1998); *Garcia v. State*, 333 Ark. 26, 969 S.W.2d 591 (1998); *Kilpatrick v. State*, 322 S.W.2d 728, 912 S.W.2d 917 (1995). Third, it ignores the possibility, suggested by reason and common sense, that the decedent might have avoided the accident by driving defensively had he not been intoxicated. *See Garcia v. State*, 333 Ark. at 33.

I respectfully dissent from the denial of rehearing.