**GEORGETOWN UNIVERSITY,**
Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,**

Theresa Owens, Intervenor.

No. 02–AA–721.

District of Columbia Court of Appeals.

Submitted Sept. 23, 2003.

Decided Dec. 2, 2004.

Sarah O. Rollman, Washington, DC, was on the brief for petitioner.

Arabella W. Teal, Interim Corporation Counsel and Charles L. Reischel, Deputy Corporation Counsel at the time, filed a statement in lieu of brief for respondent.*

Peter N. Njang was on the brief for intervenor.

Before WAGNER, Chief Judge, and FARRELL, Associate Judge, and STEADMAN,** Senior Judge.

WAGNER, Chief Judge:

▄ The District of Columbia Department of Employment Services (DOES) reversed the decision of an Administrative Law Judge (ALJ) which found that Theresa Owens, intervenor, had failed to provide timely notice of her work-related injury to her employer as required by D.C.Code § 36–313 (1981) (now D.C.Code § 32–1513 (2001)), thereby barring her claim for benefits under the D.C. Workers' Compensation Act. Petitioner, Georgetown University, now argues that the Director of DOES erred in concluding that the ALJ's decision was not supported by substantial evidence and exceeded his authority by improperly substituting his factual findings for those of the ALJ. We agree for the reasons stated herein. However, after the submission of this case, we held in another case that "claims for causally related medical expenses are not barred by the failure of the employee to give the notice required by D.C.Code § 32–1513 (2001)." *Safeway Stores, Inc. v. District of Columbia Dep't of Employment Servs.*, 832 A.2d 1267, 1271 (D.C.2003). While claimant raised this issue in her appeal to the Director, the Director did not reach it in light of his decision that the ALJ's ruling, adverse to

Owens, was not supported by substantial evidence. We remand the case to DOES for a ruling on that issue, since " '[a]n administrative order can only be sustained on the grounds relied on by the agency....' " *Kralick v. District of Columbia Dep't of Employment Servs.*, 842 A.2d 705, 713 (D.C.2004) (quoting *Jones v. District of Columbia Dep't of Employment Servs.*, 519 A.2d 704, 709 (D.C.1987)) (other citation omitted).

## I.

Owens was employed at Georgetown University Hospital as a medical secretary. In 1998, she experienced a work-related lower back injury and was placed on a light duty assignment as a result. Owens testified that on November 24, 1999, in an attempt to retrieve a projector from under her desk, she moved some boxes and experienced a pain that "shot up" through her neck and right arm. She said that she believed initially that this new pain was related to her previous back injury; however, she testified that she did not inform the physicians who were treating her of the new symptoms. According to Owens, she did not tell anyone about the November 24 accident that day as it was the day before Thanksgiving, and there was no one present to whom she could report the injury. She testified that she reported the injury to her supervisor, Ninian Kring, the following week; however, she was impeached with her interrogatory answer in which she stated that she did not inform Ms. Kring of the incident until March 1, 2000, and she provided a written notice on April 25, 2000.[1] On Feb-

* On May 26, 2004, the Office of the Corporation Counsel of the District of Columbia was renamed the Office of the Attorney General of the District of Columbia. *See* Mayor's Order 2004–92, 51 D.C. Reg. 6052 (2004).

** Judge Steadman was an Associate Judge of the court at the time of submission of the case. His status changed to Senior Judge on October 18, 2004.

1. The interrogatory and response read as follows:

ruary 28, 2000, Dr. Dara Dane diagnosed Owens with work-related carpal tunnel syndrome and cervicothoracic strain. Dr. Denise Ross concurred in the cervical diagnosis on February 29, 2000, and Dr. Eric Dawson confirmed the carpel tunnel diagnosis in May 2000.

An evidentiary hearing was held before ALJ Linda Jory, who thereafter issued a Compensation Order listing the primary issues as the timeliness of Owens' notice, whether she was injured in the course of her employment and whether her injuries were causally related to that work injury.[2] Although the latter two issues were resolved in Owens' favor, the ALJ found that Owens had not provided her employer with timely notice of her injury. The ALJ rejected as not credible Owens' testimony to the effect that she had notified her supervisor orally of her injury shortly after it occurred. The ALJ provided as reasons for rejecting Owens' testimony that it was "contradicted outright by her own answers to interrogatories wherein she stated that she first gave notice to her employer by orally informing Ninian Kring on March 1, 2000." She also noted the absence of paperwork substantiating the claim of notice and the lack of corroborating evidence. The ALJ also found that Owens' assertion that she could not have known the work-related nature of her November 1999 injury until February 2000 to be "neither supported by the record, nor persuasive." The ALJ concluded that the testimonial and written evidence therefore established that "[c]laimant was aware that something unexpectedly went wrong within the hu-

man frame[,] which in this jurisdiction equates with the term 'injury' as used in § 36–313(a) when she felt pain while moving 'stuff' " on November 24, 1999. Therefore, the examiner held that Owens "falls within the parameters of one who is aware[,] or in the exercise of reasonable diligence[,] should have been aware of a relationship between the pain in her neck and arms and her work." Thus, she concluded that Owens was required to give notice of her injury within thirty days of November 24, 1999, and, having failed to do so, she was not entitled to benefits.

Owens filed a petition for review of the decision with the Director of DOES. The Director concluded that Owens' testimony that she provided timely oral notice to her employer was adequate as it was uncontradicted. The Director also found that the ALJ's conclusion that Owens' interrogatory answer contradicted her testimony was "not borne out by the record" in light of the uncontradicted evidence. The Director reversed the ALJ's decision, and this petition for review of the agency's decision followed.

## II.

Georgetown argues that the Director of DOES erred in reversing the finding of the ALJ that Owens had failed to provide timely written notice of her injury as required by law. It contends that in doing so, the Director impermissibly re-weighed the evidence, rejected the credibility determination of the ALJ and substituted his own factual findings for that of the trier of

7. Did you report the alleged injury of November 24, 1999, to your Employer, and if yes, state: (a) the name of the person(s) notified; (b) whether the notification was in writing or oral, and; (c) the date and time of such notification.
Yes, on or around March 1, 2000 I orally informed my now supervisor, Ninian Kring

the day after I found out from the doctor that my problems were job related. Written notice was given on April 25, 2000.

2. A fourth issue regarding Owens' average weekly wages was also raised, but it was resolved, and therefore, not addressed by the ALJ as a contested issue.

fact. Owens responds that her uncontradicted testimony supports the Director's decision.

### A. Standard of Review

In reviewing an agency decision, this court must consider: "(1) whether the agency made a finding of fact on each material contested issue of fact; (2) whether substantial evidence in the record supports each finding; and (3) whether the conclusions of law follow rationally from the findings." *Cathedral Park Condo. Comm. v. District of Columbia Zoning Comm'n,* 743 A.2d 1231, 1239 (D.C.2000) (citations omitted). In this analysis, the factual findings of the hearing examiner are entitled to great deference if supported by substantial evidence. *See 4934, Inc. v. District of Columbia Dep't of Employment Servs.,* 605 A.2d 50, 53 (D.C. 1992) (citations omitted). Even when they might have reached a different result upon an independent review of the record, both the Director and this court are bound by the hearing examiner's factual findings. *See Beckman v. D.C. Police & Firefighters' Ret. & Relief Bd.,* 810 A.2d 377, 384 (D.C.2002); *Pickrel v. District of Columbia Dep't of Employment Servs.,* 760 A.2d 199, 203 (D.C.2000). Thus, when the hearing examiner fails to make factual findings on a material contested issue, this court is not permitted to make its own finding on the issue; it must remand for the proper factual finding. *See Jimenez v. District of Columbia Dep't of Employment Servs.,* 701 A.2d 837, 840 (D.C.1997). This court will uphold the agency's decision if it is based upon substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Greater Wash. Bus. Ctr. v. D.C. Comm'n on Human Rights,* 454 A.2d 1333, 1338 (D.C.1982) (citations and internal quotations omitted). The agency's legal conclusions are entitled

to less deference than its factual findings because of the court's legal expertise. *See 4934, Inc.,* 605 A.2d at 53. However, generally, this court will "defer to the agency's interpretation of the statute and regulations it administers unless its interpretation is unreasonable or in contravention of the language or legislative history of the statute and/or regulations." *Cathedral Park,* 743 A.2d at 1239 (citations omitted). Applying these general principles, we examine Georgetown's claim of error.

### B. Analysis

The Workers' Compensation Act requires injured employees to provide notice of an injury "in respect of which compensation is payable under this chapter" within thirty days of the date of the injury or the date on which the employee should have been aware of a relationship between the injury and the employment. D.C.Code § 32–1513(a) (2001); *see also Teal v. District of Columbia Dep't of Employment Servs.,* 580 A.2d 647, 650 (D.C.1990). In this case, the evidence showed that the injury occurred on November 24, 1999. A contested issue at the hearing was whether Owens provided notice within the thirty-day statutory period, and the ALJ found against her on that issue. Specifically, the ALJ rejected as not credible Owens' testimony that she reported her injury orally to her supervisor following the November holiday weekend after the injury occurred. As reasons for rejecting Owens' testimony in that regard, the ALJ explained that, most importantly, her testimony was contradicted by her answers to interrogatories in which she stated that she first gave notice of the injury orally to her employer on March 1, 2000. Further, in assessing credibility, the ALJ noted the absence of any explanation for her failure to complete an incident report or other paperwork and the lack of corroboration or a proffer of

evidence from her supervisor to whom she claimed she reported the injury. Nevertheless, the Director determined that the decision of the ALJ was not supported by substantial evidence in the record.

 Although generally, uncontradicted testimony "cannot be disregarded or ignored by judge or jury," that principle can be "trumped by any negative impression that the trier of fact may have on a witness' demeanor." *Belcon, Inc. v. D.C. Water & Sewer Auth.,* 826 A.2d 380, 386–87 (D.C.2003). Further, we cautioned in *Belcon* that "even uncontradicted testimony need not and should not be credited if the witness comes across to the trier of fact as a liar or charlatan, or as having a deficient and unreliable memory." *Id.* at 387 n. 9. " 'Where men [or women] of reason and fairness may entertain differing views as to the truth of the testimony, whether it be uncontradicted, uncontroverted or even undisputed, evidence of such a character is for the [trier of fact].' " *Id.* (quoting *Ferdinand v. Agricultural Ins. Co.,* 22 N.J. 482, 126 A.2d 323, 329 (1956)). In other contexts, we have said that the trier of fact "need not believe the testimony of a witness even though that witness' testimony is uncontradicted." *Ruffin v. United States,* 524 A.2d 685, 695 (D.C.1987), *cert. denied,* 486 U.S. 1057, 108 S.Ct. 2827, 100 L.Ed.2d 927 (1988). Other jurisdictions have announced a similar rule

in the workers' compensation context.[3] Thus, the trier of fact need not accept even undisputed evidence, if there is some reasonable justification for rejecting it.

 Here, the ALJ had reasonable justification for not crediting Owens' testimony that she had provided oral notice shortly after the injury occurred. Although Owens claimed that she had informed Ms. Kring of her injury within a week or so of its occurrence, she was impeached with her answer to an interrogatory in which she stated that she did not orally inform her supervisor of the incident until March 1, 2000, and that she did not provide written notice until April 25, 2000. The ALJ relied upon Owens' prior inconsistent statement concerning this material issue in finding her testimony at the hearing to be incredible. It is well established that the testimony of a witness may be discredited or impeached with prior inconsistent statements and that the trier of fact may use such evidence in assessing the credibility of the witness. *See* STANDARD CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA No. 3–8 (1998); *see also Outlaw v. United States,* 604 A.2d 873, 879 (D.C.1992). It was within the province of the ALJ to consider, as she did in this case, the prior inconsistent statement in assessing Owens' credibility. *See id.* The ALJ also considered the lack of corroborating evidence of Owens' hearing testimo-

---

**3.** Other jurisdictions have held that a factfinder in a workers' compensation case need not accept uncontradicted evidence. *See, e.g., Ester v. National Home Ctrs., Inc.,* 335 Ark. 356, 981 S.W.2d 91, 95 (1998) ("The [Workers' Compensation] Commission is not bound to accept the testimony of any witness, even if uncontradicted."); *Braewood Convalescent Hosp. v. Workers' Comp. Appeals Bd.,* 34 Cal.3d 159, 193 Cal.Rptr. 157, 666 P.2d 14, 20 (1983) (noting that witness bias could serve as a ground for rejecting uncontradicted testimony); *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527 (Mo.1993) ("[W]e

acknowledge that the [Workers' Labor and Industrial Relations] Commission may decide a case upon its disbelief of uncontradicted and unimpeached testimony."); *King v. Pillsbury Bakery Co.,* 21 P.3d 82, 84 (Okla.Civ.App. 2001) ("[T]he court is not required to accept as credible every portion of the claimant's evidence, even if it is claimed to have been uncontroverted."); *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd.,* 571 Pa. 189, 812 A.2d 478, 484 n. 8 (2002) ("[A] trier of fact is not required to accept even uncontroverted testimony as true.").

ny concerning the date that she provided notice of her injury. The presence or absence of corroborating evidence is among the factors that the trier of fact may consider in assessing a witness' credibility. *See Harris v. United States,* 602 A.2d 154, 165 (D.C.1992); *see also Cherner v. Lawson,* 162 A.2d 492, 493 (D.C.1960).

The ALJ, who heard the testimony and saw Owens testify in the case, was in the best position to make these credibility determinations and the factual finding at issue here. *See Greater Wash. Bus. Ctr., supra,* 454 A.2d at 1337. Since the ALJ's factual finding is supported by substantial evidence in the record, the Director was bound by it, even if he might have reached a different result based on an independent review of the record.[4] *Pickrel, supra,* 760 A.2d at 203 (citing *Santos v. District of Columbia Dep't of Employment Servs.,* 536 A.2d 1085, 1088 (D.C.1988)). In rejecting the ALJ's factual finding, the Director stated that Owens' testimony concerning notice was uncontradicted, and therefore, constituted substantial evidence of timely notice. The Director thought, mistakenly, that the record did not bear out that Owens' testimony was contradicted by her answers to interrogatories. This led to the Director's error in rejecting the ALJ's factual findings as unsupported by substantial evidence and reversing the decision. The ALJ's determination that Owens failed to provide her employer with timely notice as required by D.C.Code § 32–1513 is supported by substantial evidence in the record, and the Director was bound to accept it.

## III.

As stated at the beginning of the opinion, after submission of this case, this court held in another matter that a claim for causally related medical benefits is not barred by an employee's failure to give timely notice as required by D.C.Code § 32–1513. *Safeway Stores, supra,* 832 A.2d at 1268, 1271. In challenging the ALJ's determination that her claim was untimely, Owens raised this alternative issue. Having reversed the ALJ's decision on other grounds, the Director viewed the issue as moot, and therefore, did not decide it. In light of our disposition, the case must be remanded to the agency for consideration of Owens' alternative ground for reversing the ALJ's decision. *See Kralick, supra,* 842 A.2d at 713 (citations omitted) (On appeal, this court will sustain the agency's decision only on the grounds upon which it relied.); *accord, Jones, supra,* 519 A.2d at 709.

Therefore, we reverse the decision of the Director and remand the case to the agency for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

4. Owens contends that she explained the discrepancies in her testimony by pointing out that while she was aware of the incident of November 24, 1999, she did not attribute her problem to a new injury because she was in pain from a previous injury. The ALJ rejected this evidence, finding it unsupported by the record and unpersuasive. Owens testified that she experienced pain in her neck and right arm while moving boxes at work on November 24, 1999. She explained that she had a previous back injury. The ALJ found from Owens' testimony and other evidence in the record that it was clear that she knew that she had sustained a work-related injury on November 24, 1999, and that there was no basis for concluding that she had to wait for her physicians to tell her that the problems were work-related. Further, the ALJ noted that Owens was aware of the notice requirements of the Act from her prior involvement in the workers' compensation process. The ALJ's resolution of these factual issues are supported by substantial evidence.