CITY OF HOT SPRINGS *v.* C.W. CARTER, et al.

92-217                                        836 S.W.2d 863

Supreme Court of Arkansas
Opinion delivered September 21, 1992

*David H. White*, for appellant.

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*, for appellees.

JACK HOLT, JR., Chief Justice. This case involves the constitutionality of a municipal sign ordinance.

The appellant, the City of Hot Springs (City), passed Ordinance No. 3987, subsequently amended by Ordinance No. 4035, establishing comprehensive guidelines for the regulation of signs within the City's limits. Ordinance No. 3987, as amended, provides in pertinent part as follows:

### III. DEFINITIONS

\*    \*    \*    \*

Portable temporary attraction sign: A single or double surface, internally illuminated, painted or poster panel type sign or some variation thereof, which is temporary in nature, usually mounted on wheels, easily movable, not permanently attached to the ground, a building or structure.

\*    \*    \*    \*

### XV. MISCELLANEOUS RESTRICTIONS AND PROHIBITIONS

\*    \*    \*    \*

(d) Portable and temporary signs are only permitted at a specific address or place of business for two non-consecutive periods up to 30 days each, during any calendar year. Such signs shall be placed/installed in accordance with the National Electrical Code as adopted by the Hot Springs Electrical Code.

\*    \*    \*    \*

The appellees, C.W. Carter, et al. (Carter), are owners and operators of businesses located within the City limits which utilize portable, temporary attraction signs. On May 25, 1990, Carter filed a first amended and substituted complaint for declaratory judgment and for injunctive relief on the basis that the amended ordinance unreasonably discriminated against their businesses, deprived them of property without due process of law,

violated their rights to freedom of speech, and unreasonably impaired their rights to contract.

On January 23, 1991, the City filed a motion for summary judgment, which was denied. After a subsequent hearing, the trial court entered an order invalidating the enforcement of the amended ordinance.

The City appeals and asserts that the trial court improperly held that Ordinance Numbers 2987 and 4035 violated the equal protection clause of the Constitution of the United States. We agree and reverse and remand the judgment of the trial court.

In *Arkansas Hosp. Ass'n* v. *Arkansas State Bd. of Pharmacy*, 297 Ark. 454, 763 S.W.2d 73 (1989)(citing *Streight* v. *Ragland*, 280 Ark. 206, 655 S.W.2d 459 (1983)), we noted that:

> On an equal protection challenge to a statute, it is not our role to discover the actual basis for the legislation. Instead, we are merely to consider whether any rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives, so that the legislation is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose. Further, the party challenging the legislation has the burden of proving that the act is not rationally related to achieving *any* legitimate objective of state government under any reasonably conceivable state of facts.

In this case, a rational basis does exist for the legislation, namely traffic safety and aesthetics, and the City has gone no further than necessary to effectuate its legitimate governmental interests. *See Donrey Communications* v. *City of Fayetteville,* 280 Ark. 408, 660 S.W.2d 900 (1983)(this court recognized the legitimacy of governmental interests in traffic safety and aesthetics).

As Carter has presented no proof to support his contention that the ordinance was unreasonably discriminatory, our inquiry is limited to the face of the ordinance, with every presumption being in its favor. We do not find that the ordinance on its face is violative of Carter's guarantee of equal protection under the constitution of the United States, *see generally Board*

*of Adjustment of Fayetteville* v. *Osage Oil & Transportation, Inc.*, 258 Ark. 91, 522 S.W.2d 836 (1975), and we reverse and remand the judgement of the trial court.

Reversed and remanded.