The Honorable Marian D. Owens State Representative P.O. Box 449 Warren, AR 71671-0449
Dear Representative Owens:
This is in response to your opinion request concerning the constitutionality of A.C.A. § 16-3-105(c)(1) (Cum. Supp. 1991), which provides:
 (c)(1) for a newspaper to be eligible to publish legal notices and to be classified as a legal newspaper, it shall have been published at regular intervals continuously during a period of at least twelve (12) months, following the securing of a second-class mailing privilege, or as a direct legal successor of such a publication issued during the immediate prior period of at least twelve (12) months, or, in the case of a legal newspaper which surrenders its second-class mailing privilege and is subsequently sold, the resulting newspaper under new ownership is a legal newspaper if the purchased newspaper had been a legal newspaper within twelve (12) months prior to its sale. The newspaper shall be circulated and distributed from an established place of business to subscribers and readers of all classes in the county or counties in which it is circulated for a definite price or consideration for each copy or at a fixed price per annum, which price or consideration shall be fixed by the publisher at what he considers the value of the publication based upon the news value and service value it contains and not upon the physical or concrete worth of the raw materials so sold. [Emphasis added.]
The focus[1] of your question appears to be whether a newspaper which has not been continuously published at regular intervals for twelve (12) months and therefore cannot publish legal notices is being denied equal protection of the law.[2]
This statute, because it does not involve a suspect classification or a fundamental right, will withstand a constitutional attack if it is rationally related to achieving a legitimate government objective. See Community Newspapers, Inc.v. City of West Allis, 156 Wis. 2d 350, 456 N.W.2d 646 (1990)cert. denied, Ill S. Ct. 348 (1990) (applying the "rational basis tast" to a similar challenge); Garcia v. Tully,
17 Ill. Dec. 820, 377 N.E.2d 10 (1978) (finding no First Amendment right implicated and applying the rational basis test under an equal protection challenge); and Gulf Cost Media v. Mobile Press,470 So.2d 1211 (Ala. 1985).
Specifically, the test to be applied in an equal protection challenge is set out in City of Hot Springs v. Carter,310 Ark. 405, 407, 836 S.W.2d 863, 864 (1992), which provides:
 On an equal protection challenge to a statute, it is not our role to discover the actual basis for the legislation. Instead, we are merely to consider whether any rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives, so that the legislation is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose. Further, the party challenging the legislation has the burden of proving that the act is not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts. [Emphasis added.]
Section 16-3-105(c)(1) requires, in order for a newspaper to be eligible to publish legal notices, continuous publication at regular intervals for a period of at least twelve (12) months following the securing of a second-class mailing privilege. In my opinion the twelve month continuous publication requirement serves the legitimate state purpose of ensuring that the notices be received and read by as many citizens as is possible. Newspapers which have been continuously published for twelve months are more apt to have had time to develop established circulations, and thus publication in these newspapers will achieve the governmental objective of disseminating the notices as widely as possible.
Similar equal protection attacks were made against similar statutes in Alabama and Wisconsin. These statutes were held constitutional. Gulf Coast Media, supra. See also, C.N.,Inc. v. West Allis, supra. Additionally, it has been specifically held that a statute which requires legal notices to be published only in newspapers which have been established for at least a year is constitutional under a number of constitutional challenges, including an equal protection challenge. See In re Gillette Daily Journal, 44 Wyo. 226,11 P.2d 265 (1932). See also 26 A.L.R.2d at 660.
It is thus my opinion, in light of the foregoing, that Section16-3-105(c)(1) is rationally related to the promotion of a valid legislative purpose, and is therefore constitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This opinion is restricted to analyzing the twelve (12) month requirement in Section 16-3-105(c)(1) on equal protection grounds and does not analyze other requirements of the statutory scheme, as they do not appear to be the focus of your question.
[2] Amend XIV, Sec. 1, United States Constitution provides:
 Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.
Article 2, Sec. 18, Constitution of Arkansas provides:
 The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens.