Thomas L. CRAFT *v.* CITY of FORT SMITH

98-915 984 S.W.2d 22

Supreme Court of Arkansas
Opinion delivered December 17, 1998

*Hardin, Jesson, & Terry,* by: *Robert M. Honea,* for appellant.

*Daily & Woods, P.L.L.C.,* by: *Jerry L. Canfield* and *Barry Neal,* for appellee.

ANNABELLE CLINTON IMBER, Justice. This is a zoning case. The appellant, Thomas L. Craft, raised procedural and substantive challenges to a zoning ordinance passed by the City of Fort Smith. The trial court granted summary judgment to the City on all arguments. We affirm.

The City of Fort Smith extended Phoenix Avenue from Old Greenwood Road to Rogers Avenue. Both Old Greenwood Road and Rogers Avenue are well-developed commercial streets. In contrast, most of the property bordering the new portion of Phoenix Avenue is undeveloped commercial property. On September 16, 1997, the City adopted Ordinance No. 50-97, entitled "An Ordinance Adopting Amendments to the City of Fort Smith Zoning Ordinance Establishing an Overlay Zone for the Phoenix Avenue Extension." The ordinance imposed signage and landscaping regulations for the newly constructed portion of Phoenix Avenue.

Mr. Craft owns property affected by the ordinance. On January 28, 1998, Mr. Craft filed a declaratory judgment action in the Sebastian County Chancery Court. In his complaint, Mr. Craft argued that the ordinance was void and unenforceable due to several procedural and constitutional violations. Mr. Craft later proclaimed, in an affidavit, that the landscaping requirements applied to all future owners of his parcel of land, and that the requirements were a financial burden that would decrease the resale value of his land. Additionally, Mr. Craft claimed that the

City had not compensated him for the landscaping costs or the decrease in the value of his land.

Both parties subsequently moved for summary judgment. In an affidavit, William Harding, the acting City Administrator of Fort Smith, averred that the Planning Commission and the City Board of Directors took the following steps to notify and inform the city residents about the proposed zoning ordinance: 1) held three public meetings; 2) published notice of the meetings in the local newspaper on three occasions; 3) sent three written notices to the affected property owners; and 4) filed in the city clerk's office three copies of the final version of the ordinance to be adopted. Mr. Harding also declared that:

> The corridor of properties along the newly constructed Phoenix Avenue Extension was considered a uniquely situated corridor for the application of reasonable, but different signage and landscaping regulations. The extension of roadway is through previously undeveloped properties so that the corridor is a reasonable place to apply different regulations to enhance the traffic, safety, beauty, aesthetic and health concerns of the City.

The trial court rejected Mr. Craft's arguments and granted summary judgment to the City. This appeal followed. It is well settled that summary judgment is appropriate when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. In making this determination, we view the evidence in the light most favorable to Mr. Craft, as the party resisting the motion, and resolve all doubts and inferences in his favor. *Nelson v. River Valley Bank & Trust*, 334 Ark. 172, 971 S.W.2d 777 (1998); *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

## I. Procedural Requirements

On appeal, Mr. Craft claims that the ordinance is void because the City failed to comply with certain procedural requirements. Before reaching the merits of these challenges, Mr. Craft asks us to decide whether Ordinance 50-97 is: 1) a general-nature ordinance; 2) a general amendment to the existing zoning code; or 3) the creation of a new zoning classification, and the rezoning of

property in that classification. The trial court, however, did not render any ruling as to what type of ordinance this was, and we cannot do so for the first time on appeal. *See Collins v. Keller*, 333 Ark. 238, 969 S.W.2d 621 (1998); *Higginbotham v. Junction City Sch. Dist.*, 332 Ark. 556, 966 S.W.2d 877 (1998).

■ As to his specific procedural arguments, Mr. Craft first contends that Ordinance 50-97 violates Ark. Code Ann. § 14-55-201 (Repl. 1998), which provides that "No law or ordinance shall contain more than one (1) subject, which shall be clearly expressed in its title." Specifically, Mr. Craft contends that Ordinance 50-97 violates this provision because it deals with multiple subjects (landscaping and signage), and the subject of the ordinance is not "clearly expressed in its title." We disagree. The title of Ordinance 50-97 is "An Ordinance Adopting Amendments to the City Of Fort Smith Zoning Ordinance Establishing an Overlay Zone for the Phoenix Avenue Extension." Viewing the ordinance as a whole, as we did in *Adams v. Sims*, 238 Ark. 696, 385 S.W.2d 13 (1964), we agree with the trial court that Ordinance 50-97 deals with only one subject: the zoning rules for the newly constructed portion of Phoenix Avenue. We also agree that this subject is accurately reflected in the title.

■ Next, Mr. Craft argues that Ordinance 50-97 is void because the City failed to comply with publishing and notice requirements contained in Ark. Code Ann. § 14-55-206 (Repl. 1998). The trial court, however, only ruled as to whether the City complied with the publishing and notice requirements found in Ark. Code Ann. § 14-56-422 (Repl. 1998) and City Rule 27-45(b)(1). The court did not render a ruling on whether Ark. Code Ann. § 14-55-206 applied to Ordinance 50-96, or whether the City complied with the procedural requirements contained in that statutory provision. Again, because there is no ruling on this issue, we cannot consider it for the first time on appeal. *Collins v. Keller, supra*; *Higginbotham v. Junction City Sch. Dist., supra*. We, however, do acknowledge that the City provided ample notice of the proposed amendment to the City residents and, in particular, property owners who would be directly affected by the passage of the ordinance.

■ Thirdly, Mr. Craft argues that the City violated the map and uniformity requirements found in Ark. Code Ann. § 14-56-416(a) (Repl. 1998), which provides that:

(a)(1) Following adoption and filing of the land use plan, the commission may prepare for submission to the legislative body a recommended zoning ordinance for the *entire area of the municipality.*

(2) The ordinance shall consist of both *a map* and a text.

(3)(A) The ordinance may regulate the location, height, bulk, number of stories, and size of buildings; open space; lot coverage; density and distribution of population; and the uses of land, buildings, and structures.

(B) The ordinance may require off-street parking and loading.

(C) The ordinance may provide for districts, of compatible uses, for large scale unified development, for elimination of uses not in conformance with provisions of the ordinance, and for such other matters as are necessary to the health, safety, and general welfare of the municipality.

(D) The ordinance shall include provisions for administration and enforcement.

(E)(i) The ordinance shall designate districts or zones of such shape, size, or characteristics as deemed advisable.

(ii) The regulations imposed within each district or zone shall be *uniform throughout the district or zone.*

(Emphasis added.) The first paragraph of Ark. Code Ann. § 14-56-416(a) clearly and unequivocally states that it applies to zoning ordinances that affect "the entire area of the municipality." Likewise, we have applied this statutory provision to zoning laws that affected the entire city. *See Osborne v. City of Camden,* 301 Ark. 420, 784 S.W.2d 596 (1990). Because Ordinance 50-97 only dealt with a small portion of the city (the real property adjacent to the newly constructed portion of Phoenix Avenue), we hold that this statute is inapplicable.

■ Finally, Mr. Craft contends that the City failed to comply with the procedural requirements found in Section 27-45 of the Fort Smith Municipal Code. In his brief, Mr. Craft asserted that Section 27-45 "specifies numerous procedural steps which are

to be taken prior to the adoption of any amendment to the Zoning Code which *changes the zoning classification of a particular piece of property.*" (Emphasis added.) However, in his affidavit, Mr. Craft conceded that his property was classified as commercial property both before and after the passage of Ordinance 50-97. In light of his concession that there has been no change in the zoning classification of his property, we see no reason to determine whether the City complied with procedural requirements found in Section 27-45 of the Fort Smith Code.

## II. Constitutional Challenges

■ Next, Mr. Craft raises three constitutional challenges to Ordinance 50-97. Similar to a statute, an ordinance is presumed constitutional, and the burden of proving otherwise is upon the challenging party. *Laudan v. State,* 322 Ark. 58, 907 S.W.2d 131 (1995); *Board of Adjustments of Fayetteville v. Osage Oil & Transp., Inc.,* 258 Ark. 91, 522 S.W.2d 836 (1975).

### A. Vagueness

■ ■ First, Mr. Craft claims that Ordinance 50-97 is void because numerous terms contained therein are unconstitutionally vague. It is well settled that a law is unconstitutionally vague under due process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited, and it is so vague and standardless that it allows for arbitrary and discriminatory enforcement. *See Grayned v. City of Rockford,* 408 U.S. 104 (1972); *Thompson v. Arkansas Social Serv.,* 282 Ark. 369, 669 S.W.2d 878 (1984); *Davis v. Smith,* 266 Ark. 112, 583 S.W.2d 37 (1979). When a person brings a "pre-enforcement facial challenge" to the vagueness of a law, the relevant inquiry is whether the ordinance is "impermissibly vague in *all* of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489 (1982) (emphasis added). Likewise, in *Planned Parenthood of Minnesota v. State of Minnesota,* 910 F.2d 479 (8th Cir. 1990), the Eighth Circuit required those who brought a pre-enforcement facial challenge to a fetal disposal law to demonstrate that the "law is impermissibly vague in all of its applications" and that "the statute could never be applied in a valid manner." The subject matter of the challenged

law also determines how stringently the vagueness test will be applied. For instance, if the challenged law infringes upon a fundamental right, such as liberty or free speech, a more stringent vagueness test is applied. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc. supra; Thompson v. Arkansas Social Serv., supra; Davis v. Smith, supra.* In contrast, if the law merely regulates business activity, a less stringent analysis is applied and more flexibility is allowed. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., supra; Thompson v. Arkansas Social Serv., supra; Davis v. Smith, supra.*

██ ██ In this case, Mr. Craft brings a pre-enforcement facial challenge to the vagueness of an ordinance that regulates business activity. Accordingly, we must apply the vagueness standard in a less stringent manner, allow more flexibility, and determine whether the challenged language is vague in all of its applications such that it could never be applied in a valid manner. After carefully considering each of Mr. Craft's individual challenges to Ordinance 50-97, we conclude that he has failed to meet this heavy burden. Accordingly, we affirm the trial court's ruling that Ordinance 50-97 is not unconstitutionally vague.

### B. Equal Protection

██ Next, Mr. Craft asserts that the ordinance violates the Equal Protection Clause because it imposes signage and landscaping regulations on people who own property adjacent to the newly constructed portions of Phoenix Avenue but not upon people who own property adjacent to other streets in the city. We have previously said that like other forms of legislation an ordinance does not have to treat all people or activities similarly. *Phillips v. Town of Oak Grove*, 333 Ark. 183, 968 S.W.2d 600 (1998). Instead, the ordinance may include classifications that cause people or activities to be treated differently so long as there is a rational basis for the distinction. *See, e.g, Phillips v. Town of Oak Grove, supra* (upholding an ordinance that allowed birds to be raised for personal but not for commercial uses); *Johnson v. Sunray Serv., Inc.*, 306 Ark. 497, 816 S.W.2d 582 (1991) (upholding an ordinance that allowed solid waste disposal facilities to be constructed two miles from designated waterways); *City of Little Rock v. Reinman-*

*Wolfort Automobile Livery Co.*, 107 Ark. 174, 155 S.W.2d 105 (1913), *aff'd*, 237 U.S. 171 (1915) (upholding an ordinance that prohibited livery, but not sale, stables from only certain portions of the city).

 In this case, there is a rational basis for applying land-scaping and signage regulations to the new portions of Phoenix Avenue and not to other streets in the city. The new portion of Phoenix Avenue consists of mostly undeveloped land, and the City wants to ensure that the area is developed in a manner that promotes traffic safety and aesthetics. Mr. Craft simply has failed to satisfy his burden of proving that the classification is not rationally related to these legitimate objectives. Accordingly, we affirm the trial court's ruling.

 Mr. Craft makes an additional equal-protection argument. Specifically, he contends that there is no rational basis for applying some of the signage rules to only certain portions of the Phoenix Avenue extension. We, however, cannot reach this issue because the trial court did not render a ruling on this particular equal-protection claim. *Collins v. Keller*, *supra*; *Higginbotham v. Junction City Sch. Dist.*, *supra*.

### C. Substantive Due Process

 Finally, Mr. Craft argues that the ordinance violates the due process clause by taking his property without compensation. Mr. Craft contends that the ordinance is a taking because it: 1) requires him to spend money to landscape; and 2) the obligation runs with the land and thus decreases the value of his property. Mr. Craft, however, fails to cite a single authority in support of his argument that Ordinance 50-97 constitutes a taking, and we have said on numerous occasions that we will not consider an issue if the appellant has failed to cite any convincing legal authority in support of his argument. *Porter v. Harshfield*, 329 Ark. 130, 948 S.W.2d 83 (1997); *Miller v. State*, 328 Ark. 121, 942 S.W.2d 825 (1997).

 Furthermore, the United States Supreme Court explained in *Agins v. Tiburon*, 447 U.S. 255 (1980), that a zoning regulation amounts to a constitutional taking only if "the ordi-

nance does not substantially advance a legitimate state interest," or it "denies an owner economically viable use of his land." Likewise, in *National By-Products, Inc. v. City of Little Rock*, 323 Ark. 619, 916 S.W.2d 745 (1996), we held that a municipality "takes" a person's land only when the regulation "substantially diminishes the value of the land." In this case, the first prong of the *Agins* test is satisfied because the zoning ordinance substantially advanced the legitimate state interests of promoting aesthetics and traffic safety. *See City of Hot Springs v. Carter*, 310 Ark. 405, 836 S.W.2d 863 (1992); *City of Fayetteville v. McIlroy Bank & Trust Co.*, 278 Ark. 500, 647 S.W.2d 439 (1983) (holding that aesthetics and traffic safety were legitimate interests). Ordinance 50-97 also satisfies the second prong because Mr. Craft has failed to show that the landscaping and signage requirements deny him the "economically viable use of the land" or "substantially diminish the value of the land." Accordingly, we also affirm on this point.

Affirmed.