The Honorable Jerry Allison State Representative 26 CR 744 Jonesboro, AR 72401-0538
Dear Representative Allison:
You have requested an Attorney General opinion concerning Act 1345 of 1999, which provides for additional penalties for large trucks exceeding the speed limit.
You have asked:
 Does Act 1345 of 1999 unconstitutionally discriminate against the trucking industry?
It is my opinion that Act 1345 of 1999 does not unconstitutionally discriminate against the trucking industry.
The constitutional principle that is implicated by your question is the doctrine of "equal protection," which arises out of the 14th Amendment to the United States Constitution, and Article 2, §§ 2 and 3 of the Arkansas Constitution.
The equal protection doctrine prohibits certain types of "classifications." A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrine. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class or a fundamental right, it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis — no rational relation to a legitimate end. Vaccov. Quill, 521 U.S. 793 (1997); Romer v. Evans, 517 U.S. 620, 631 (1996);Clements v. Fashing, 457 U.S. 957 (1982); Craft v. City of Fort Smith,335 Ark. 417, 984 S.W.2d 22 (1998); Medlock v. Leathers, 311 Ark. 175,842 S.W.2d 428 (1992), reh. denied, 1993; McCambridge v. City of LittleRock, 298 Ark. 219, 766 S.W.2d 909 (1989); Streight v. Ragland,280 Ark. 206, 655 S.W.2d 459 (1983); City of Piggott v. Woodard,261 Ark. 406, 549 S.W.2d 278 (1977).
In reviewing the constitutionality of a classification that does not affect a suspect class or a fundamental right, the courts must not only presume the constitutionality of the challenged classification, but they must also uphold the classification even without requiring a showing of an actual rational basis, if any conceivable rational basis for the scheme can be adduced — even a hypothetical one. Ester v. National HomeCtrs., Inc., 335 Ark. 356, 981 S.W.2d 91(1998); Reed v. Glover,319 Ark. 16, 889 S.W.2d 729 (1994); Arkansas Hospital Assoc. v. State Boardof Pharmacy, 297 Ark. 454, 763 S.W.2d 73
(1989).
The classification created by Act 1345 does not affect a suspect class or a fundamental right. It must therefore be analyzed using the rational basis standard. It is not necessary in this case to hypothetically conceive of a rational basis for the legislation in question, because the legislature expressly stated its purpose in passing Act 1345, as follows:
 The General Assembly has determined that the operation of trucks as defined in section 1 at high speeds creates a unique threat to the public safety of Arkansas motorists and causes substantial damage to Arkansas highways. Through enacting this law, it is the intent of the General Assembly to deter such unsafe and damaging driving practices by providing severe penalties against those persons who are determined to be guilty of violating this section.
Acts 1999, No. 1345, § 2.
Because the above-quoted section of Act 1345 states a rational basis for the Act, I must conclude that a court, applying the rational basis standard in an equal protection analysis of the Act, would hold that the Act's differential treatment of the trucking industry does not violate the equal protection doctrine.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh