The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, AR 72936-0610
Dear Representative Wilkinson:
You have requested an Attorney General opinion concerning the "Auctioneer's Licensing Act."
You have asked:
 Is it constitutional for the Auctioneer's Licensing Act to exempt cattle auctioneers from its applicability?
It is my opinion that the exemption of cattle auctioneers from the applicability of the Auctioneer's Licensing Act[1] does not present constitutional problems.
The constitutional principle that is implicated by your question is the doctrine of "equal protection," which arises out of the 14th Amendment to the United States Constitution, and Article 2, §§ 2 and 3 of the Arkansas Constitution.
The equal protection doctrine prohibits certain types of "classifications." A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrine. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class or a fundamental right, it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis — no rational relation to a legitimate end. Vaccov. Quill, 521 U.S. 793 (1997); Romer v. Evans, 517 U.S. 620, 631 (1996);Clements v. Fashing, 457 U.S. 957 (1982); Craft v. City of Fort Smith,335 Ark. 417, 984 S.W.2d 22 (1998); Medlock v. Leathers, 311 Ark. 175,842 S.W.2d 428 (1992), reh. denied, 1993; McCambridge v. City of LittleRock, 298 Ark. 219, 766 S.W.2d 909 (1989); Streight v. Ragland,280 Ark. 206, 655 S.W.2d 459 (1983); City of Piggott v. Woodard,261 Ark. 406, 549 S.W.2d 278 (1977).
In reviewing the constitutionality of a classification that does not affect a suspect class or a fundamental right, the courts must not only presume the constitutionality of the challenged classification, but they must also uphold the classification even without requiring a showing of an actual rational basis, if any conceivable rational basis for the scheme can be adduced — even a hypothetical one. Ester v. National HomeCtrs., Inc., 335 Ark. 356, 981 S.W.2d 91(1998); Reed v. Glover,319 Ark. 16, 889 S.W.2d 729 (1994); Arkansas Hospital Assoc. v. State Boardof Pharmacy, 297 Ark. 454, 763 S.W.2d 73
(1989).
The classification created by the Auctioneer's Licensing Act does not affect a suspect class or a fundamental right. It must therefore be analyzed using the rational basis standard.
It is conceivable that the General Assembly exempted cattle auctioneers from the applicability of the Act because they believed that the concerns and reasons for regulating auctioneers are primarily applicable to auctioneers who conduct auctions in a variety of contexts and at a variety of locations, involving numerous types of goods and purchasers, and whose activities and financial accounts are more difficult to monitor and track. It is possible that the legislature believed that those same concerns are not present with livestock auctioneers who regularly conduct auctions at the same locations, dealing regularly with the same purchasers, and whose activities and accounts are more readily accessible and easy to track if necessary.
Because it is possible to conceive of a rational basis for the exemption of cattle auctioneers from the Auctioneer's Licensing Act, I must conclude that under the equal protection standards that are applicable to such a classification, the Act does not present constitutional problems.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The Auctioneer's Licensing Act states in pertinent part: "The Chapter shall not apply to: . . . "A livestock auction barn auctioneer or any auction held on the premises of a livestock auction barn." A.C.A. § 17-17-(a)(4). The term "livestock auction barn auctioneer" is defined as follows: "[A]n auctioneer who is solely engaged in the selling of livestock on a regular basis at one (1) or more locations." A.C.A. §17-17-103(6).