The Honorable Mary Anne Salmon State Representative 29 Heritage Park Circle North Little Rock, AR 72116-8568
Dear Representative Salmon:
I am writing in response to your request for an opinion concerning the Southbend Fire Protection District in Lonoke County, which according to your correspondence was established in 1993 by county ordinance pursuant to Act 35 of 1979 (A.C.A. § 14-284-201 et seq.). As you note, this 1979 act provided for the appointment of three assessors to assess the annual benefits that will accrue to the real property in the district. A.C.A. §14-284-212(b) (Rep. 1998). You also note a 1995 amendment that authorized districts formed after July 3, 1995 to levy a flat fee per parcel of land or per landowner. See A.C.A. § 14-284-212(g)(1)(A) (Repl. 1998). You then state:
 Apparently the district is currently assessing benefits to some property in the district based exclusively on the assessed value as shown on the books of the county assessor for ad valorem tax purposes, while assessing the benefits on other property in the district based on other or additional criteria.
You have asked the following questions with regard to the foregoing:
 1. Is it lawful for a fire protection district established in 1993 under authority of Act 35 of 1979 to make an assessment of benefits to properties in the district based exclusively on the assessed value of each property as shown on the ad valorem tax books of the county rather than making an assessment based on the benefits which will accrue to the property as a result of the services provided by the district?
 2. If the answer to question 1 above is `yes,' should the district assessment against a property be increased or reduced when the assessed value of the property for ad valorem tax purposes is increased or reduced?
 3. Is it lawful for a fire protection district to assess the benefits on some property based solely on the assessed value of the property and to assess the benefits to other properties on another basis?
RESPONSE
With regard to your first question, I find nothing in Act 35 of 1979 that would prohibit the assessors from assessing benefits based upon property values as shown on the tax assessor's books. It is my opinion that your second and third questions are matters to be decided by the board of assessors, based upon the particular facts and subject to the specified review process.
Question 1 — Is it lawful for a fire protection district established in1993 under authority of Act 35 of 1979 to make an assessment of benefitsto properties in the district based exclusively on the assessed value ofeach property as shown on the ad valorem tax books of the county ratherthan making an assessment based on the benefits which will accrue to theproperty as a result of the services provided by the district?
The assessors of the district are charged with the duty to "assess the annual benefits to the lands within the district" that will accrue "by reason of the [fire protection] services." A.C.A. § 14-284-212(c).[1]
The legislation does not, however, specify or otherwise address the actual method to be used in determining the benefits accruing to each parcel. In my opinion, this is a matter for the board of assessors. Your question appears to assume that there will not be an assessment based on benefits accruing from services if the assessment is based on property values. I cannot accept that proposition. Indeed, the opposite assumption is reflected in A.C.A. § 14-284-214, which orders a reassessment "if there have been improvements made or improvements destroyed or removed
from one (1) or more tracts of land in the district, making it necessaryto have the annual benefits revised." Id. at subsection (a) (emphasis added). In that instance, "the annual benefits assessed may be raised orlowered as fire protection services benefiting the property change." Id.
at subsection (b)(1) (emphasis added). The emphasized language clearly reflects the assumption that benefits assessments are tied to property improvements, i.e., fire protection services benefiting the property are presumed to change with a change in improvements. If it is determined that "there have been no significant changes in improvements on the lands . . . [,]" then the assessed benefits may remain the same.Id. at subsection (b)(2).
I thus conclude that basing benefits assessments on assessed property values as shown on the county ad valorem tax books is lawful, under the premise that the fire protection services benefiting the property are commensurate with those values.
Question 2 — If the answer to question 1 above is `yes,' should thedistrict assessment against a property be increased or reduced when theassessed value of the property for ad valorem tax purposes is increasedor reduced?
If the increase or reduction in value is occasioned by a change in improvements on the property, then the commissioners of the district may order the assessors to reassess the benefits in accordance with A.C.A. §14-284-214. It is possible that other changes in assessed value would warrant a reassessment of benefits. In my opinion, however, this is a matter to be decided by the assessors of the district, based upon the particular facts and pursuant to their duty to determine the benefits accruing to each parcel. See generally A.C.A. § 14-284-212. Complaints against the assessment are to be made at the meeting of the board of assessors, the date of which is specified in the required notice. A.C.A. § 14-284-213(a) and (b). Suit must then be brought in chancery court within thirty (30) days of the assessors' determination. Otherwise, the assessment will be final under § 14-284-213(b).
Question 3 — Is it lawful for a fire protection district to assess thebenefits on some property based solely on the assessed value of theproperty and to assess the benefits to other properties on another basis?
The answer to this question will likely depend upon the rationale for the different treatment. A question could be raised under the principle of equal protection, which arises out of the 14th Amendment to the United States Constitution and Article 2, §§ 2 and 3 of the Arkansas Constitution. The equal protection doctrine prohibits certain types of "classifications." A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrine. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class or a fundamental right, it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis — no rational relation to any legitimate end under any reasonably conceivable state of facts. See generally Craft v. City ofFort Smith, 335 Ark. 417, 984 S.W.2d 22 (1998).
This question thus necessarily entails a factual inquiry and is not susceptible to conclusive resolution in an opinion from this office. Unless it can be shown that the different basis for assessment is arbitrary, however, I believe the different treatment would likely be deemed lawful.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It should perhaps be noted that legislation adopted in 1989 (Act 648 of 1989) authorized districts formed after July 3, 1989, to levy a flat fee. The 1995 amendment referenced in your letter amended the provisions authorizing the levy of a "flat fee" and authorized districts formed after July 3, 1995, to levy a flat fee "per parcel" or "per landowner." See Acts 1995, No. 766, codified at A.C.A. §14-284-212(g)(1)(A). Thus, fire protection districts formed under Subchapter 2 of Chapter 284 of Title 14 after July 3, 1989, but before July 3, 1995, have the option of assessing benefits or levying a flat fee per parcel of land located within the district. Districts formed after July 3, 1995, have the option of levying a flat fee either "per parcel" or "per landowner," as an alternative to the assessments of benefits.