The Honorable Stephen D. Bright State Representative 127 Southshore Drive Maumelle, AR 72113
Dear Representative Bright:
You have requested my opinion concerning HB 1213, currently pending in the House, which addresses the issue of recovery for injuries incurred by residents of nursing homes. Your question is:
 Does the forcing of only senior citizens in nursing homes to go through arbitration violate the constitutional principle of equal protection or any other constitutional principle?
I interpret your reference to "arbitration" in this question simply as a reference to the special procedure for recovery that is created by HB 1213. HB 1213 creates a "patient's recovery fund" for payment of claims arising out of injuries received by residents of nursing homes, and places a limitation on the amount of punitive damages that can be recovered by claimants. The bill also provides for certain special procedures that must be followed in order to recover from the fund.
RESPONSE
It is my opinion that the fact that the provisions of HB 1213 apply only to senior citizens in nursing homes does not violate the principle of equal protection. This classification also does not, on its face, create any other constitutional concerns. (However, I note that I have recently addressed certain other constitutional concerns about the bill in Op. Att'y Gen. No. 2003-030. I am attaching a copy of that opinion for your review.)
The principle of equal protection, which arises out of the 14th
Amendment to the U.S. Constitution and Article II, § 3 of the Arkansas Constitution, prohibits certain types of "classifications." A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrine. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class or a fundamental right, it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis — no rational relation to a legitimate end. Vacco v. Quill,521 U.S. 793 (1997); Romer v. Evans, 517 U.S. 620, 631 (1996); Clements v.Fashing, 457 U.S. 957 (1982); Seagrave V. Price, 349 Ark. 433,79 S.W.3d 339 (2002); Craft v. City of Fort Smith, 335 Ark. 417,984 S.W.2d 22 (1998).
The classification that you have identified as being created by HB 1213 — i.e., a classification between senior citizens in nursing homes and all other citizens — does not affect any suspect class or fundamental right. It must therefore be analyzed under the rational basis standard. In applying this standard, the courts must not only presume the constitutionality of the challenged classification, but they must also uphold the classification even without requiring a showing of an actual
rational basis, if any conceivable rational basis for the scheme can be adduced — even a hypothetical one. Eady v. Lansford, 02-695 (Ark. 12-12-2002); Ester v. National Home Ctrs., Inc., 335 Ark. 356,981 S.W.2d 91(1998); Reed v. Glover, 319 Ark. 16, 889 S.W.2d 729 (1994);Fayetteville Sch. Dist. v. Arkansas State Bd. of Educ., 313 Ark. 1,852 S.W.2d 122 (1993); Arkansas Hospital Assoc. v. State Board of Pharmacy,297 Ark. 454, 763 S.W.2d 73 (1989).
In my opinion, it is possible to hypothesize a conceivable rational basis for the classification created by HB 1213. The drafters of HB 1213 could have reasoned that requiring nursing home residents to recover under the procedures created by the bill is justifiable on the grounds that such a requirement would assure more equitable recovery by a larger number of claimants by providing a secure source of funds. See HB 1213, § 1 (amending A.C.A. § 20-10-1902, "Purpose and Intent"). The drafters could also have reasoned that such a requirement was justified on the grounds that it would minimize nursing home care costs. See Raley v. Wagner,346 Ark. 234, 57 S.W.3d 683 (2001) (statute subjecting minors with malpractice claims to shorter statute of limitations than other minor claimants had rational basis of minimizing health care costs).
Because it is possible to adduce a possible rational basis for the classification created by HB 1213, I must conclude that the provision does not violate the equal protection doctrines of the Arkansas or U.S. Constitutions.
The classification of nursing home residents does not, on its face, violate any other constitutional principles. However, as previously noted, I have recently addressed various other constitutional issues arising out of HB 1213 in Opinion No. 2003-030, a copy of which is attached.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:SA/cyh
Enclosure