The Honorable David Evans State Representative P.O. Box 856 Searcy, AR 72145-0856
Dear Representative Evans:
You have presented the following question for my opinion:
 Does A.C.A. § 12-12-505, as amended by Act 758 of 2003, discriminate against private facilities?
Act 758 of 2003 amended the Arkansas Child Maltreatment Act (A.C.A. §12-12-501 et seq.). The provision that is the subject of your question amended A.C.A. § 12-12-505 to add the following section:
 (e)(1) The department [of Human Services] may charge a reasonable fee not to exceed ten dollars ($10.00) for researching, copying, and mailing records of the investigative files of child maltreatment cases.
 (2) The department may also charge a reasonable fee for reproducing copies of tapes and photographs.
 (3) No fee may be charged to a nonprofit or volunteer agency that requests searches of the investigative files.
(4) No fee may be charged to a person who is indigent.
A.C.A. § 12-12-505(e) (emphasis added).
RESPONSE
It is my opinion that A.C.A. § 12-12-505(e), which was added byAct 758 of 2003, does not discriminate against private facilities.
"Discrimination," in the legal context, arises out of the constitutional principle of "equal protection," which is set forth in the 14th Amendment to the United States Constitution, and in Article 2, §§ 2 and 3 of the Arkansas Constitution. The equal protection doctrines of both the Arkansas and the U.S. Constitutions prohibit certain types of "classifications." A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrines. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class (such as a particular racial group, see, e.g.,Loving v. Virginia, 388 U.S. 1 (1967)) or a fundamental right (such as the right to vote, see Dunn v. Blumstein, 405 U.S. 330 (1972)), it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis — no rational relation to a legitimate end. Fitzgerald v. Racing Assn. of Central Iowa, 02-695, (U.S. 2003); Vacco v. Quill, 521 U.S. 793 (1997); Romer v. Evans,517 U.S. 620, 631 (1996); Clements v. Fashing, 457 U.S. 957 (1982); Seagravev. Price, 349 Ark. 433, 79 S.W.3d 339 (2002); Craft v. City of FortSmith, 335 Ark. 417, 984 S.W.2d 22 (1998). Economic classifications are usually subjected to the rational basis standard of scrutiny. Cleburnev. Cleburne Living Center, Inc., 473 U.S. 432 (1985).
In applying the rational basis standard, the courts must not only presume the constitutionality of the challenged classification, but they must also uphold the classification even without requiring a showing of an actual rational basis, if any conceivable rational basis for the scheme can be adduced — even a hypothetical one. Eady v. Lansford,351 Ark. 249, 92 S.W.3d 57 (2002); Ester v. National Home Ctrs., Inc.,335 Ark. 356, 981 S.W.2d 91 (1998); Reed v. Glover, 319 Ark. 16,889 S.W.2d 729 (1994); Fayetteville Sch. Dist. v. ArkansasState Bd. of Educ., 313 Ark. 1, 852 S.W.2d 122
(1993); Arkansas Hospital Assoc. v. State Board of Pharmacy,297 Ark. 454, 763 S.W.2d 73 (1989).
The language of A.C.A. § 12-12-505(e), quoted above creates a classification between for-profit organizations and non-profit organizations. This classification is an economic one that does not affect a suspect class or a fundamental right. It is therefore subject to the rational basis standard of scrutiny, under which the courts will uphold it if even a hypothetical rational basis for it can be conceived. I find that it is conceivable that the General Assembly could have reasoned that criminal records checks are needed, but that they cannot be performed free of cost, and that for-profit organizations are in a better economic position to bear the cost of such records checks than non-profit organizations. Because it is possible thus to hypothesize a rational basis for the classification created by A.C.A. § 12-12-505(e), I must conclude that the provision does not violate the constitutional principle of equal protection or unconstitutionally discriminate against private, for-profit entities.
I reiterate that legislation is presumed to be constitutional. Jegley v.Picado, 349 Ark. 600, 80 S.W.3d 332 (2002). If it is possible to construe a statute as being constitutional, the courts will do so. Moreover, the burden of proof is on the party challenging legislation to prove its unconstitutionality, and all doubts will be resolved in favor of the statute's constitutionality. Luebbers v. Money Store, 344 Ark. 232,40 S.W.3d 745 (2001).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General