The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173
Dear Representative Scroggin:
I am writing in response to your request for an opinion on the following:
 Below is an issue that concerns the duly elected members of the Quorum Courts in the State of Arkansas. Your opinion is requested to assist these county constitutional officials.
 A.C.A. § 14-14-1202 relates to ethics for county government officials and employees. Act 1924 of 2005 amended A.C.A. § 14-14-1202 to provide that: "No person shall simultaneously hold office and serve as an elected county justice of the peace and hold office and serve as an elected city council member"? [sic]. Is Act 1924 of 2005 unconstitutional for prescribing certain activity for the office justice of the peace without also specifically and particularly prescribing the same activity for the other county elected officials?
RESPONSE
In my opinion, Act 1924 of 2005 is likely to be held constitutional under the equal protection clauses of both the United States and Arkansas Constitution using a rational basis test.
Initially, I note that statutes are presumed constitutional.McLane Southern, Inc. v. Davis, ___ Ark. ___, ___ S.W.3d ___ (Apr. 13, 2006). Furthermore, a court will interpret a statute to a constitutional result if at all possible and all doubts will be resolved in favor of constitutionality. See Whorton v. Dixon,
___ Ark. ___, S.W.3d ___ (Aug. 9, 2005).
The only applicable constitutional challenge based on your request for an opinion would be a challenge on equal protections grounds. I have summarized the equal protection doctrine previously as follows:
 "Discrimination," in the legal context, arises out of the constitutional principle of "equal protection," which is set forth in the 14th Amendment to the United States Constitution, and in Article 2, §§ 2
and 3 of the Arkansas Constitution. The equal protection doctrines of both the Arkansas and the U.S. Constitutions prohibit certain types of "classifications." A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrines. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class (such as a particular racial group, see, e.g., Loving v. Virginia, 388 U.S. 1 (1967)) or a fundamental right (such as the right to vote, see Dunn v. Blumstein, 405 U.S. 330 (1972)), it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis — no rational relation to a legitimate end. Fitzgerald v. Racing Assn. of Central Iowa,
02-695, (U.S. 2003); Vacco v. Quill, 521 U.S. 793
(1997); Romer v. Evans, 517 U.S. 620, 631 (1996); Clements v. Fashing, 457 U.S. 957 (1982); Seagrave v. Price, 349 Ark. 433, 79 S.W.3d 339 (2002); Craft v. City of Fort Smith, 335 Ark. 417, 984 S.W.2d 22
(1998). Economic classifications are usually subjected to the rational basis standard of scrutiny. Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985).
 In applying the rational basis standard, the courts must not only presume the constitutionality of the challenged classification, but they must also uphold the classification even without requiring a showing of an actual rational basis, if any conceivable rational basis for the scheme can be adduced — even a hypothetical one. Eady v. Lansford, 351 Ark. 249, 92 S.W.3d 57 (2002); Ester v. National Home Ctrs., Inc., 335 Ark. 356, 981 S.W.2d 91 (1998); Reed v. Glover, 319 Ark. 16, 889 S.W.2d 729 (1994); Fayetteville Sch. Dist. v. Arkansas State Bd. of Educ., 313 Ark. 1, 852 S.W.2d 122 (1993); Arkansas Hospital Assoc. v. State Board of Pharmacy, 297 Ark. 454, 763 S.W.2d 73 (1989).
Op. Att'y Gen. 2004-066.
The classification at issue here is that of justice of the peace serving on a quorum court for a county or some other county officer not enumerated in A.C.A. § 14-14-1202(c)(3)(A) (as amended by Act 1924 of 2005). This classification affects neither a suspect class, such as race, nor a fundamental right, and is, therefore, subject to a rational basis review.
As noted above, the rational basis test requires that there be a rational relationship in using the classification at issue to achieve some legitimate governmental end. This rational basis may be hypothetical and need not be expressly set forth in the legislation establishing the classification. See McLaneSouthern, Inc., supra. The legislation need only be shown not to be a product of arbitrary and capricious government purposes.Id. The hypothetical basis may be "under any reasonably conceivable fact situation." Wharton, supra.
This Act amended the section of the Arkansas Code regarding ethical concerns for county government officials and employees. A legitimate governmental end would be to ensure ethical activity by all members of the county government or to ensure that there is no appearance of impropriety or conflicts of interest. The General Assembly could have concluded that the legislative positions of a county and a city create the greatest potential for a conflict of interest or the appearance of a conflict of interest and acted to prevent such appearances by means of Act 1924 of 2005. This does not appear to be an arbitrary exercise of governmental power because of the legislative nature of the power wielded by both offices. As legislative bodies, both the quorum court and the city council wield significant decision making authority within their respective jurisdictions. The possibility for a conflict between a city and a county could easily give rise to a situation where the dual service prohibited by Act 1924 of 2005 could have created a conflict of interest. In my opinion, this would likely pass constitutional muster under the rational basis test.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh