Kenneth S. Hixson, Judge, dissenting.
I respectfully dissent from the majority opinion. Although I agree with the majority that the ordinances at issue are rationally related to a legitimate state interest, in my view they are void for vagueness. Because the ordinances do not meet constitutional due-process requirements, I would reverse the judgment against Noah Steffy.
The ordinances we must examine are nuisance Ordinances 16-4 and 16-5. Ordinance 16-4 provides:
Care of premises. It shall be unlawful for either the owner or occupant of a residential or nonresidential building, structure or property to utilize the premises of such property for the open storage of any abandoned motor vehicle, household appliance or household furniture (regardless of working condition), glass, building material, building rubbish or similar items. Additionally, it shall be the duty and responsibility of every such owner and occupant to keep the premises of such property clean and to remove from such premises all such items as listed above,
including but not limited to, weeds, dead trees, trash and garbage upon written notice from a building official. [emphasis added].
Ordinance 16-5 provides, in pertinent part, that property "shall be maintained so that weeds and grasses thereon shall not exceed six inches in height." Ordinance 16-5 further provides:
*810 The owners and occupants of all lands shall remove or cause to be removed all dead or dying trees and dead parts of living trees from such lands when such dead or dying trees or dead parts of trees shall constitute a hazard to personal safety or personal property due to the imminent possibility of their falling upon or being blown upon public property or property of other owners, or when such trees because of disease or decay constitute a nuisance and/or imminent health threat to other trees located on public property or property of other owners.
Noah owns a house in Fort Smith. In March 2016 the city received calls from neighbors about Noah's property being overgrown and littered with limbs and other items. On March 22, 2016, the city issued a written notice to Noah advising him that he was in violation of city ordinances. Noah was told that he needed to correct the problems, which included cutting his grass to lower than six inches and removing dead limbs, appliances, indoor furniture, building materials, and trash and debris from his property within seven days. Noah did not comply with the city's request. On May 20, 2016, the city cited Noah for these alleged violations, and a criminal summons was issued.
Several witnesses testified at the jury trial. Two of Noah's neighbors described his property. One neighbor testified that it was overgrown, that you could not see the house because of the brush, and that the yard was full of debris, bales of hay, piled-up wood, tires, toys, and a refrigerator. Another neighbor described the property as "trashy."
City officer Brandon Hayes testified that he was called to inspect Noah's property. Mr. Hayes observed building materials, indoor furniture on the porch, a desk, and a pile of dead limbs. He also saw an untagged vehicle in the yard that appeared to be inoperable.
Noah called his two daughters to testify on his behalf. These witnesses testified that they grew fruit on the property, such as apples, peaches, and blackberries, and that they grew grass for their horse, Dreamer.
After the jury trial, the jury found Noah guilty of failing to maintain his premises and fined him $10 a day for each violation between March 29 and May 19, 2016. A judgment of $510 was entered on the jury verdict.
On appeal, Noah does not challenge the sufficiency of the evidence supporting the violations. Instead, he raises constitutional arguments. He argues that the ordinances he was found to have violated are unconstitutionally vague, arbitrary, and do not further any compelling state interest.[1] Noah raised these arguments below in a motion to dismiss, so they are preserved for review.
In my view, as stated in footnote one, the ordinances at issue pass constitutional muster because they are tailored toward a legitimate state interest. In *811 Carter & Burkhead v. State , 255 Ark. 225, 500 S.W.2d 368 (1973), the supreme court held that the legislature may, within constitutional limits, prohibit things hurtful to the comfort, safety, and welfare of the people and prescribe regulations to promote the public health. The ordinances here are designed to protect the health and safety of the community, as well as to promote aesthetics and preserve property values. See Metromedia, Inc. v. City of San Diego , 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981). However, I would hold that these ordinances are unconstitutionally vague.
The void-for-vagueness doctrine applies to laws with both criminal and civil penalties. Madison Park N. Apartments, L.P. v. Comm'r of Housing and Cmty. Dev. , 211 Md.App. 676, 66 A.3d 93 (2013). However, when a statute imposes criminal penalties, the standard is certainly higher than the standard applicable to statutes imposing only civil penalties. Id. In this case, the ordinances imposed a criminal penalty against Noah as opposed to only a civil penalty.
A law is unconstitutionally vague under due-process standards if it does not give a person of ordinary intelligence notice of what is prohibited and is so vague and standardless that it allows for arbitrary enforcement. Craft v. City of Fort Smith , 335 Ark. 417, 984 S.W.2d 22 (1998). There must be ascertainable standards of guilt in a statute so that a person of average intelligence does not have to guess at its meaning. Booker v. State , 335 Ark. 316, 984 S.W.2d 16 (1998). Stated another way, a statute must not be so vague and standardless that it leaves judges or jurors free to decide, without any legally fixed standards, what is prohibited and what is not on a case-by-case basis. Ark. Tobacco Control Bd. v. Sitton , 357 Ark. 357, 166 S.W.3d 550 (2004). A law which, due to vagueness, leaves basic policy matters in the criminal law field to either policemen or judges on an ad hoc and subjective basis, with attendant dangers of arbitrary and discriminatory application, is impermissible. Grayned v. City of Rockford , 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). In contrast, a statute is constitutional if its language conveys sufficient warning when measured by common understanding and practice. Landmark Novelties, Inc. v. Ark. State Bd. of Pharmacy , 2010 Ark. 40, 358 S.W.3d 890.
Applying these standards to this case, I would hold that these ordinances do not give adequate notice of what is prohibited and that they present the danger for arbitrary enforcement by the city. Ordinance 16-4 prohibits the open storage of various items. But what is meant by open storage? Storage for a day, a week, a month? The ordinance contains no written standard by which this question can be answered. And even if we deemed the term "storage" sufficiently clear, many of the prohibited items are open to reasonable interpretation. For instance, the ordinance prohibited abandoned vehicles with no explanation of what constitutes "abandoned." Here, the vehicle in question "appeared inoperable.") The ordinance prohibits household furniture, which is also vague. Many people have furniture items on their porches or decks, and who is to decide which of these are proscribed by the ordinance and which are not? The ordinance prohibits glass, but how much glass? The ordinance prohibits building material with no further explanation of what that encompasses or how much is prohibited. Finally, "similar items" are prohibited, which could mean almost anything to a prospective judge or juror.
These types of questions were specifically enumerated in Trice v. City of Pine Bluff , 279 Ark. 125, 129, 649 S.W.2d 179, 181 (1983), a case in which the supreme *812 court held a city ordinance too vague to be enforced through criminal law:
The city's argument tacitly recognizes that there was no warning in definite language but it contends that the ordinance is an exclusive zoning ordinance and therefore all uses other than proper residential uses are criminally excluded.... [T]he following questions demonstrate the fallacy in this interpretation of the ordinance. For example, how tall is grass which is too tall? How much lumber, if any, can be stored? What, besides lumber is prohibited from being stored? May an automobile be parked on one's land? If so, why may an automobile be parked when a pickup truck may not? Quite obviously, the ordinance contains no written standard by which the questions can be answered. Logic dictates only one conclusion: that a zoning administrator and a judge decide what constitutes an offense without written standards.
In my view, Ordinance 16-4 fails to articulate sufficiently fixed standards to satisfy due process.
Ordinance 16-5 is sufficiently clear in its directives on the narrow issue maintaining grass and weeds. However, it is vague as to other aspects of the ordinance, including that a property owner must remove dead or dying trees, or dead parts of living trees, that constitute a hazard to personal safety or property. According to the statute, a property owner must also remove trees that constitute a nuisance or that pose an imminent health threat to trees on adjacent property. When does a tree become a "dying tree," and when does a tree or part of a tree constitute a nuisance or threat to other trees? These are questions unanswered by any written standards and do not give adequate notice of what is prohibited.
In addition to failing to provide sufficient warning to property owners as to what is and is not prohibited, I think these ordinances also lead to arbitrary enforcement by the city. A stack of neat glass is likely to go unchallenged, but a stack of glass in disarray will likely result in a citation. A wicker chair brought from inside the house and placed on a porch is likely permissible for an elected official or prominent citizen, but not for another citizen. Particularly in light of the vague aspects of the ordinances, one could easily envision all sorts of ways in which the ordinances would present a danger of arbitrary and discriminatory application.
For these reasons, I would hold that the ordinances are void for vagueness. Because the ordinances resulted in a denial of Noah's due process, I would reverse the judgment against him.
Brown, J., joins.

As pointed out in the majority opinion, Noah actually argues the incorrect standard of constitutionality in his first point. Noah argues that the ordinances are unconstitutional because they do not promote a "compelling state interest." Compelling state interest is the standard to determine the constitutionality of statutes or laws that attempt to infringe on a fundamental right, such as free speech, religion, etc. See Jegley v. Picado , 349 Ark. 600, 80 S.W.3d 332 (2002). The correct standard is whether the ordinance is rationally related to a legitimate government interest. See Ark. State Hosp. Ass'n v. Ark. State Bd. of Pharmacy , 297 Ark. 454, 763 S.W.2d 73 (1989). I agree with the majority that the ordinances are rationally related to the public health and safety. The second inquiry is whether the ordinances are void for vagueness.